**KASOWITZ BENSON TORRES LLP**
Jerold Oshinsky (Cal. Bar No. 250771)
joshinsky@kasowitz.com
Kirsten C. Jackson (Cal. Bar No. 265952)
kjackson@kasowitz.com
Melissa H. Dejoie (Cal. Bar No. 308014)
mdejoie@kasowitz.com
2029 Century Park East Suite 2000
Los Angeles, California 90067
Telephone: (424) 288-7900
Facsimile: (424) 288-7901

**STUART KANE LLP**
Robert J. Kane (Cal. Bar No. 50856)
rkane@stuartkane.com
620 Newport Center Drive, Suite 200
Newport Beach, California 92660
Telephone: (949) 791-5127
Facsimile: (949) 791-5227

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REPUBLIC BAG, INC., a California Corporation; and ALPHA INDUSTRIES MANAGEMENT, INC., a Florida Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>BEAZLEY INSURANCE COMPANY, INC.,<br><br>Defendant. | Case No.: 2:18-CV-6745<br><br>**JOINT RULE 16(B)/26(F) REPORT OF PLAINTIFFS REPUBLIC BAG, INC. AND ALPHA INDUSTRIES MANAGEMENT, INC., AND DEFENDANT BEAZLEY INSURANCE COMPANY, INC.** |

Pursuant to Federal Rules of Civil Procedure 16(b) and 26(f), Central District Local Rule 26, and this Court's Standing Order, Plaintiffs Republic Bag, Inc. ("Republic Bag") and Alpha Industries Management, Inc. ("Alpha Industries"), and Defendant Beazley Insurance Company, Inc. ("Beazley") (collectively, "the Parties") submit this Joint 16(b)/26(f) Report:

a. <u>Statement of the Case</u>

This is a declaratory relief action against Defendant Beazley in connection with insurance coverage for an employment lawsuit captioned *Chris Cervantes v. Republic Bag, Inc., et al.*, Case No. RIC1802922 (Riverside County 2018) (the "*Cervantes* Lawsuit").

b. <u>Subject Matter Jurisdiction</u>

(1) <u>Plaintiffs' Statement Against Subject Matter Jurisdiction</u>

As described in greater in Plaintiffs' Motion to Remand, Defendant Beazley has not met its burden to prove with legal certainty that Plaintiffs' claim exceeds the $75,000 necessary for removal jurisdiction. This action does not seek damages. Rather, Plaintiffs seek a judicial declaration that Beazley must defend (and if necessary, indemnify) Plaintiffs in the underlying *Cervantes* Lawsuit once Plaintiffs have satisfied their self-insured retention, which Beazley asserts is $200,000. To date, Plaintiffs have incurred $66,002.78 in defense costs. There has been no demand made by Mr. Cervantes (and no offer by Republic Bag or Alpha Industries), let alone a settlement or judgment in the underlying *Cervantes* Lawsuit.

Furthermore, Plaintiffs dispute Defendant Beazley's claim below that the *Cervantes* Lawsuit seeks $600,000. The *Cervantes* Complaint merely states in the demand for jury trial that the amount demanded exceeds $25,000. While it is unclear precisely where Defendant's $600,000 figure comes from, it appears to be

2
JOINT RULE 16(B)/26(F) REPORT

based on Mr. Cervantes' reduction in pay that occurred in 2011. Any claim based on events occurring in 2011 is clearly time-barred.

Because Defendant Beazley has not, and cannot, show with legal certainty that Plaintiffs' claim exceeds $75,000 over the self-insured retention, this action should be remanded to state court.

(2) Defendant Beazley's Statement For Subject Matter Jurisdiction

Subject matter jurisdiction is appropriate under 28 U.S.C. §1332(a)(2). Complete diversity of citizenship exists between the Parties. The amount in controversy exceeds $75,000 insofar as Plaintiffs seek a declaration that Beazley is obligated to defend and indemnify it in the *Cervantes* Lawsuit, which seeks over $600,000 from the Plaintiffs. Under applicable Ninth Circuit law, as set forth in Beazley's opposition to Plaintiffs' Motion to Remand, the amount in controversy in this matter significantly exceeds the jurisdictional minimum.

c. Issues

Plaintiffs assert that the *Cervantes* Lawsuit triggers Beazley's coverage obligations, as the *Cervantes* Complaint states a Claim brought during the 2017-2018 Policy Period for a Wrongful Act by the Insured Plaintiffs against an Employee. Beazley has denied coverage, asserting that coverage is unavailable and/or precluded pursuant to several policy terms, conditions and/or exclusions of the Beazley Policy.

d. Parties, and Non-Party Witnesses

By mutual agreement, the Parties will exchange FRCP 26(a)(1) disclosures on October 31, 2018.

e. Damages

This action does not seek damages. Rather, Plaintiffs seek a judicial declaration that Beazley must defend (and if necessary, indemnify) Plaintiffs in

the underlying *Cervantes* Lawsuit once Plaintiffs have satisfied their self-insured retention.

    f. <u>Insurance</u>

As detailed above, this matter is a dispute with respect to insurance coverage under a policy issued by Beazley to Plaintiffs.

    g. <u>Motions</u>

As set forth in their Motion to Remand, which is scheduled to be heard on October 15, 2018, Plaintiffs assert this action should be remanded to state court, as Defendant has failed to meet its burden to prove Plaintiffs' claim exceeds the $75,000 necessary for removal jurisdiction. Defendant Beazley opposes Plaintiffs' Motion to Remand.

As set forth in its Motion to Dismiss, which is scheduled to be heard on October 15, 2018, Defendant Beazley asserts this action should be dismissed because there is no coverage for the *Cervantes* Lawsuit under the Beazley Policy. Plaintiffs oppose Defendant Beazley's Motion to Dismiss, on procedural grounds (as set forth in their Motion to Remand, this Court lacks subject-matter jurisdiction) and on substantive (legal and factual) grounds.

    h. <u>Manual for Complex Litigation</u>

The Parties do not believe this action would benefit from use of procedures set forth in the MCL.

    i. <u>Status of Discovery</u>

By mutual agreement, the Parties will exchange FRCP 26(a)(1) disclosures on October 31, 2018. No other discovery has been conducted.

    j. <u>Discovery Plan</u>

The Parties agree that discovery does not need to be conducted in phases, and that no other applicable limitations need to be changed or imposed, and further that no other orders are needed from the Court at this time. Beazley may request

the entry of a protective order to the extent confidential or proprietary information is sought in discovery.

    k. Trial Date

The parties propose a trial date of November 4, 2019.

    l. Fact Discovery Cut-Off

The parties propose a fact discovery cut-off of June 3, 2019.

    m. Expert Discovery Cut-Off

The parties propose an expert discovery cut-off of August 5, 2019.

    n. Dispositive Motions

Defendant Beazley has filed a Motion to Dismiss, which will be heard on October 15, 2018. If the action is not dismissed pursuant to that motion, Beazley anticipates filing a Motion for Summary Judgment.

    o. Settlement

Statement pursuant to Local rule 16-15.4: The parties will agree to participate in ADR PROCEDURE NO. 3. ("The parties shall participate in a private dispute resolution proceeding.")

    p. Trial Estimate

The Parties anticipate a trial length not exceeding five (5) days.

    q. Trial Counsel

The Parties provide the following information regarding their trial counsel:

    (1) Plaintiffs' Trial Counsel
        **KASOWITZ BENSON TORRES LLP**
        Jerold Oshinsky (Cal. Bar No. 250771)
        joshinsky@kasowitz.com
        Kirsten C. Jackson (Cal. Bar No. 265952)
        kjackson@kasowitz.com
        Melissa H. Dejoie (Cal. Bar No. 308014)
        mdejoie@kasowitz.com
        2029 Century Park East Suite 2000

      Los Angeles, California 90067
      Telephone: (424) 288-7900
      Facsimile: (424) 288-7901

(2) <u>Defendant Beazley's Trial Counsel</u>
    **TROUTMAN SANDERS LLP**
    Terrence R. McInnis (Cal. Bar No. 155416)
    terrence.mcinnis@troutman.com
    James A. Hazlehurst (Cal. Bar No. 257711)
    james.hazlehurst@troutman.com
    5 Park Plaza, Suite 1400
    Irvine, California 92614
    Telephone: (949) 622-2700
    Facsimile: (949) 622-2739

r. <u>Independent Expert or Master</u>

The Parties believe at this juncture that this is not a case where the Court should consider appointing a master pursuant to Rule 53 or an independent scientific expert.

s. <u>Other Issues</u>

The Parties do not believe there are any other issues that will affect the status or management of the case at this time.

t. <u>Patent Cases</u>

This is not a patent case.

u. <u>Whether the Parties Wish to Have a Magistrate Judge Preside</u>

The Parties decline to have a Magistrate Judge preside over the entire action.

| ATTORNEYS FOR PLAINTIFFS | ATTORNEYS FOR DEFENDANT |
|---|---|
| /s/ Kirsten C. Jackson | /s/ Terrence R. McInnis |
| Kirsten C. Jackson (SBN 265952) | Terrence R. McInnis (SBN 155416) |
| KASOWITZ BENSON TORRES LLP | TROUTMAN SANDERS LLP |
| 2029 Century Park East, Suite 2000 | 5 Park Plaza, Suite 1400 |
| Los Angeles, CA 90067 | Irvine, CA 92614 |
| Telephone:  (424) 288-7900 | Telephone:  (949) 622-2700 |
| Facsimile:  (424) 288-7901 | Facsimile:  (949) 622-2739 |
| kjackson@kasowitz.com | terrence.mcinnis@troutman.com |
| Date: September 19, 2018 | Date: September 19, 2018 |