JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REPUBLIC BAG, INC., a California Corporation; et al.,<br><br>          Plaintiffs,<br><br>   v.<br><br>BEAZLEY INSURANCE COMPANY, INC.,<br><br>          Defendant. | CASE NO. CV 18-6745-R<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND DENYING PLAINTIFFS' MOTION TO REMAND |

Before the Court is Defendant Beazley Insurance Company Inc.'s Motion to Dismiss Plaintiffs' Complaint, and Plaintiffs' Motion to Remand, filed on August 27, 2018 and August 29, 2018 respectively. (Dkt. Nos. 9, 11). Having been thoroughly briefed by both parties, this Court took the matters under submission on October 10, 2018. Plaintiffs' Motion to Remand is DENIED and therefore, this Court has jurisdiction to analyze Defendant's Motion to Dismiss.

This is an insurance coverage action in which Plaintiffs Republic Bag, Inc. and Alpha Industries Management, Inc. ("Plaintiffs") seek a declaration that a policy issued by Defendant Beazley Insurance Company, Inc. ("Defendant") affords coverage for a lawsuit against them captioned *Cervantes v. Republic Bag, Inc., et al*. Case No. RIC 1802922 (the "*Cervantes* action"). Defendant denied coverage for the *Cervantes* action based on the Beazley Policy containing a Pending and Prior Litigation Exclusion that precludes coverage. Defendant now moves to dismiss Plaintiffs' Complaint according to Federal Rule of Civil Procedure 12(b)(6).

Dismissal under Rule 12(b)(6) is proper when a complaint exhibits either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Under the heightened pleading standards of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," so that the defendant receives "fair notice of what the…claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555, 570; *Iqbal*, 556 U.S. at 662, 678. "All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). On a motion to dismiss, a court may consider material properly submitted as part of the complaint that the complaint relies on. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

The Beazley policy contains a Pending and Prior Litigation Exclusion that precludes coverage for any claim "based upon, arising out of, directly or indirectly resulting from or in consequence of, or in any way involving . . . any demand, suit or other proceeding pending . . . against any Insured on or prior to [April 20, 2017] or any Wrongful Act, fact, circumstance or situation underlying or alleged therein." The Cervantes action falls within the scope of this exclusion provision. The *Cervantes* lawsuit arises out of both the 2016 trial in which Cervantes gave testimony and the March 2017 DFEH Complaint that he filed. Both events took place prior to the April 20, 2017 policy coverage.

Under California law, interpretation of an insurance policy and whether it provides coverage is a question of law to be decided by the court. *Waller v. Truck Ins. Exchange*, 11 Cal. 4th 1, 18 (1995). In addition, a motion to dismiss is proper in an insurance coverage action where no coverage is afforded under the policy. *Loughney v. Allstate Ins. Co.*, 465 F. Supp. 2d 1039, 1042 (S.D. Cal. 2006) (dismissing claims without leave to amend where coverage was excluded). In general, the court's inquiry in ruling on a motion to dismiss is limited to the allegations in the complaint and documents attached to the complaint. *See, e.g., Butler v. Los Angeles Cty.*, 617 F. Supp. 2d 994, 998-99 (C.D. Cal. 2008). But, the court may also consider documents that are

/ / /

incorporated by reference into the complaint. *See, e.g., Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994) ("we hold that documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss. Such consideration does 'not convert the motion to dismiss into a motion for summary judgment.'").

Here, the *Cervantes* Complaint and the Beazley Policy are both referenced throughout the Complaint in this action. As the Ninth Circuit has held, the Court may consider both the Complaint in the *Cervantes* action and the Beazley Policy in ruling on this motion. First, the *Cervantes* action alleges that on or about September 13, 2016, Cervantes testified in a civil trial against Republic Bag that his salary and the salaries of his co-workers were cut because of their age. The *Cervantes* complaint alleges that he suffered multiple incidents of retaliation and harassment because of that trial testimony. The *Cervantes* action, for which Plaintiffs seek coverage in this action, is based upon, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving a demand, suit, or other proceeding prior to April 20, 2017 when coverage was to be afforded. Second, the filing of the DFEH Complaint on March 22, 2017 constitutes a demand, suit, or other proceeds pending against an Insured prior to the April 20, 2017 coverage date. Thus, the Pending and Prior Litigation Exclusion in the Beazley Policy bars coverage for the *Cervantes* action. As a result, because no coverage is afforded for that lawsuit, Defendant's Motion to Dismiss Plaintiffs' Complaint is GRANTED.

**IT IS HEREBY ORDERED** that Defendant Beazley Insurance Company Inc.'s Motion to Dismiss Plaintiff Republic Bag, Inc.'s Complaint is GRANTED. (Dkt. No. 9).

**IT IS HEREBY FURTHER ORDERED** that Plaintiffs' Motion to Remand is DENIED. (Dkt. No. 11).

Dated: October 18, 2018.

_____
MANUEL L. REAL
UNITED STATES DISTRICT JUDGE