KASOWITZ BENSON TORRES LLP
Jerold Oshinsky (Cal. Bar No. 250771)
joshinsky@kasowitz.com
Kirsten C. Jackson (Cal. Bar No. 265952)
kjackson@kasowitz.com
Melissa H. Dejoie (Cal. Bar No. 308014)
mdejoie@kasowitz.com
2029 Century Park East, Suite 2000
Los Angeles, California 90067
Telephone: 424.288.7900
Facsimile: 424.288.7901

Attorneys for Plaintiffs
Republic Bag, Inc. and Alpha Industries
Management, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REPUBLIC BAG, INC., a California Corporation; and ALPHA INDUSTRIES MANAGEMENT, INC., a Florida Corporation,<br><br>    Plaintiffs,<br><br>v.<br><br>BEAZLEY INSURANCE COMPANY, INC., a Connecticut Corporation;<br><br>    Defendant. | Case No.  2:18-cv-06745-R-PJW<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO SUPPLEMENT COMPLAINT PURSUANT TO FED. R. CIV. P. 15(d)**<br><br>**Date:**  **June 29, 2020**<br>**Time:**  **10:00 am**<br>**Location: Courtroom 5A**<br><br>**Hon. Michael W. Fitzgerald** |

## I.   **INTRODUCTION**

Plaintiffs Republic Bag, Inc. and Alpha Industries Management, Inc. ("Plaintiffs") respectfully request leave to supplement their complaint in this insurance coverage action against Defendant Beazley Insurance Company, Inc. ("Defendant" or "Beazley"). Plaintiffs make this motion pursuant to Federal Rule of Civil Procedure 15(d), which "permit[s] a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Plaintiffs seek leave in order to add claims for breach of contract and breach of the covenant of good faith and fair dealing. These claims arise from Beazley's recent refusal to pay a substantial portion of Plaintiffs' January 23, 2020 settlement in the underlying lawsuit captioned *Chris Cervantes v. Republic Bag, Inc., et al.*, Case No. RIC1802922 (Riverside County 2018) (the "*Cervantes* Lawsuit"), even after the Ninth Circuit ruled on February 7, 2020, that Beazley could not rely on the Policy's Pending and Prior Litigation Exclusion to deny all coverage for the *Cervantes* Lawsuit. Despite the Ninth Circuit's ruling, Defendant improperly asserted in its recent May 22, 2020 Answer that the Pending and Prior Litigation Exclusion bars coverage for the Cervantes Lawsuit. Leave to supplement should be freely granted in order to allow Plaintiffs to add claims based on these events which occurred after the filing of the original complaint.

## II.   **BACKGROUND**

Plaintiffs filed this action in Los Angeles Superior Court on July 6, 2018. Dkt. Dkt. No. 1 Ex. A. On August 8, 2018, Beazley removed this insurance coverage action to federal court. Dkt. No. 1. On August 27, 2018, Beazley moved to dismiss this case, on the basis of the Policy's "Pending and Prior Litigation Exclusion" for any claim "based upon, a rising out of, directly or indirectly resulting from or in consequence of, or in any way involving . . . any demand, suit or other proceeding pending . . . against any Insured on or prior to [April 20, 2017], or any Wrongful Act, fact, circumstance or situation underlying or alleged therein." Dkt. No. 9. In its

1 | motion, Beazley asserted "on or about September 13, 2016, [Cervantes] testified in a
2 | civil trial against Republic Bag," and "then, on March 22, 2017, Cervantes filed with
3 | the California Department of Fair Employment and Housing ('DFEH') a Complaint
4 | of Employment Discrimination against Republic Bag, Alpha Industries, and others."
5 | Dkt. No. 9-1 at 3.  Beazley argued that "the *Cervantes* action falls squarely within
6 | the scope of [the Pending and Prior Litigation] exclusion insofar as that suit arises
7 | out of both the 2016 trial in which Cervantes gave testimony and the March 2017
8 | DFEH Complaint he filed.  Both of these were pending prior to April 20, 2017."  *Id.*
9 | at 1-2.  On October 18, 2018, Judge Manuel L. Real granted Beazley's Motion to
10 | Dismiss.  Dkt. No. 22.

11 | On October 30, 2018, Plaintiffs timely filed a notice of appeal to the Ninth
12 | Circuit.  Dkt. No. 23.  On February 7, 2020, the Ninth Circuit reversed: "The district
13 | court erred in granting Beazley's motion to dismiss on the ground that the insurance
14 | policy's Pending and Prior Litigation Exclusion [] barred coverage for the *Cervantes*
15 | Lawsuit. . . .  An insurer may rely on an exclusion to deny coverage only if it provides
16 | *conclusive evidence* demonstrating that the exclusion applies.  First, the Exclusion
17 | does not conclusively bar coverage for the *Cervantes* lawsuit based on that suit's
18 | connection to the *Garcia* action. Although some of the allegations in the *Cervantes*
19 | complaint 'aris[e] out of' or 'involve[e]' the *Garcia* suit, others, such as the
20 | allegations of age discrimination and failure to prevent age-based discrimination, are
21 | unrelated.  The insurance policy contains an express allocation provision, providing
22 | for situations like this where a claim may contain both covered and excluded matters.
23 | Interpreting the insurance policy to give effect to the allocation provision, we
24 | conclude that while some claims in the *Cervantes* lawsuit involve the *Garcia* action,
25 | that does not mean that coverage for the entire lawsuit is precluded.  Second, the
26 | Exclusion does not conclusively bar coverage for the *Cervantes* lawsuit based on that
27 | suit's connection to the complaint filed with California's Department of Fair
28 | Employment and Housing ('DFEH'). . . . Beazley cannot conclusively show that the

1  DFEH complaint constitutes a 'proceeding' within the meaning of the Exclusion."

2  Declaration of Kirsten C. Jackson ("Jackson Decl.") at Ex. A, p. 2.

3  Earlier this year, the *Cervantes* lawsuit was mediated and then settled.  Beazley

4  did not participate in the mediation or contribute to the settlement.  Jackson Decl. at

5  ¶ 3.    Nonetheless, and despite the Ninth Circuit's recent determination that the

6  Pending and Prior Litigation Exclusion does not apply to the *Cervantes* Lawsuit,

7  Beazley refused to cover the *Cervantes* Lawsuit, and even asserted in its recent May

8  22, 2020 Answer that the Pending and Prior Litigation Exclusion bars coverage for

9  the *Cervantes* Lawsuit. Dkt. No. 37.  As a result, Plaintiffs' seek to supplement their

10  original complaint, to add claims for breach of contract and breach of the covenant

11  of good faith and fair dealing arising out of Beazley's improper conduct this year.  A

12  true and correct copy of the proposed supplemental complaint is attached as Exhibit

13  B to the Jackson Declaration.

14  **III.   ARGUMENT**

15  Federal Rule of Civil Procedure 15(d) "permit[s] a party to serve a

16  supplemental pleading setting out any transaction, occurrence, or event that happened

17  after the date of the pleading to be supplemented."  Supplemental pleadings are

18  "favored," as they allow "a court to award complete relief, or more nearly complete

19  relief, in one action, and to avoid the cost, delay and waste of separate actions which

20  must be separately tried and prosecuted." *Keith v. Volpe*, 858 F.2d 467, 475 (9th Cir.

21  1988).  Courts "liberally construe Rule 15(d) absent a showing of prejudice to the

22  defendant."  *Id.*   "[I]t is the consideration of prejudice to the opposing party that

23  carries the greatest weight.  Prejudice is the touchstone of the inquiry." *Eminence*

24  *Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  Absent prejudice,

25  "there exists a presumption" in favor of granting leave to amend or supplement a

26  complaint. *Id.*

27  The party seeking leave need only establish the reason why amendment is

28  required.  The burden is then on the party opposing the motion to convince the court

1   that "justice" requires *denial*.  Hon. Virginia A. Phillips & Hon. Karen L. Stevenson,

2   <u>Rutter Group Practice Guide: Federal Civil Procedure Before Trial, California &</u>

3   <u>Ninth Circuit Edition</u> at 8:1489 (Rutter Group April 2020); *see also Serpa v. SBC*

4   *Telecommunications, Inc.*, 318 F.Supp.2d 865, 870 (N.D. Cal. 2004) ("The party

5   opposing leave to amend bears the burden of showing prejudice.").

6          Justice requires granting leave to supplement here.  Plaintiffs seek leave in

7   order to add claims for breach of contract and breach of the covenant of good faith

8   and fair dealing.  The breach of contract and bad faith claims arise from Beazley's

9   refusal to pay a substantial portion of the Plaintiffs' January 23, 2020 settlement in

10  the underlying *Cervantes* Lawsuit.  The bad faith claim further arises from Beazley's

11  reliance on the Policy's Pending and Prior Litigation Exclusion to bar all coverage

12  for the *Cervantes* Lawsuit *after* the Ninth Circuit's February 7, 2020, decision,

13  including in its May 22, 2020, answer to the original complaint.  Dkt. No. 37.

14  Beazley cannot show any prejudice from granting leave to supplement the complaint

15  to add these allegations of recent misconduct.  Discovery has not yet even begun, and

16  the cutoff for discovery is not until March 12, 2021, so Beazley faces no prejudice

17  whatsoever from the addition of the breach of contract and bad faith claims.

18  **IV.    CONCLUSION**

19         For at least the foregoing reasons, this Court should grant Plaintiffs' Motion

20  for Leave to Supplement Complaint.

21

22  Dated:    June 1, 2020              KASOWITZ BENSON TORRES LLP

23                                      By: */s/ Kirsten C. Jackson*
                                            Kirsten C. Jackson
24                                          Jerold Oshinsky
                                            Melissa H. Dejoie
25
                                            Attorneys for Plaintiffs Republic Bag, Inc.
26                                          and Alpha Industries Management, Inc.

27

28